UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISON

| | | |
|---|---|---|
| GILBERTO MARTINEZ | § | **C.A. NO. 09-114** |
| | § | SECTION 1, MAG. 2 |
| | § | |
| VS. | § | Pursuant to Rule 9(h) of |
| | § | the Federal Rules of Civil |
| | § | Procedure - ADMIRALTY |
| DELTA TOWING, LLC | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THIS HONORABLE COURT:

NOW COMES PLAINTIFF, GILBERTO MARTINEZ, complaining of DEFENDANT, DELTA TOWING, LLC; CHEVRON U.S.A. INC.; CHEVRON U.S.A. HOLDINGS INC.; CHEVRON STANDARD LIMITED; CHEVRON PIPE LINE COMPANY; CHEVRON MIDCONTINENT, L.P.; CHEVRON ENERGY SOLUTIONS L.P.; CHEVRON PIPELINE HOLDINGS INC.; CHEVRON MARINE PRODUCTS LLC; CHEVRON OVERSEAS SERVICES CORPORATION; CHEVRON PHILLIPS CHEMICAL COMPANY LP; CHEVRON PHILLIPS CHEMICAL COMPANY LLC; CHEVRON NATURAL GAS SERVICES, INC.; CHEVRON OIL LATIN AMERICA, INC.; CHEVRON PETROCHEMICAL PIPELINE LLC; CHEVRON MIDSTREAM PIPELINES LLC; CHEVRON TECHNOLOGY VENTURES LLC; CHEVRON NATURAL GAS PIPE LINE COMPANY; CHEVRON SABINE PASS GAS STORAGE LLC; CHEVRON PHILLIPS CHEMICAL HOLDINGS II LLC; CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY; AND CHEVRON PHILLIPS CHEMICAL PIPELINE COMPANY LLC (Hereinafter "Chevron"), and for cause of action respectfully shows this Honorable Court the following:

I.

Plaintiff is a resident of the State of Louisiana.

## II.

Defendant, DELTA TOWING, LLC, is a foreign corporation doing business in the state of Texas which has appeared and answered herein.

Defendant, CHEVRON U.S.A. INC. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent:  Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON U.S.A. HOLDINGS INC. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent:  Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON STANDARD LIMITED is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent:  Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON PIPE LINE COMPANY is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent:  Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON MIDCONTINENT, L.P. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent:  Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON ENERGY SOLUTIONS L.P. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent:  Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON PIPELINE HOLDINGS INC. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON MARINE PRODUCTS LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON OVERSEAS SERVICES CORPORATION is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON PHILLIPS CHEMICAL COMPANY LP is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: C T Corporation System, 350 N. St. Paul Street, Dallas, TX  75201.

Defendant, CHEVRON PHILLIPS CHEMICAL COMPANY LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: C T Corporation System, 350 N. St. Paul Street, Dallas, TX  75201.

Defendant, CHEVRON NATURAL GAS SERVICES, INC. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX  78701.

Defendant, CHEVRON OIL LATIN AMERICA, INC. is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON PETROCHEMICAL PIPELINE LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON MIDSTREAM PIPELINES LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON TECHNOLOGY VENTURES LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON NATURAL GAS PIPE LINE COMPANY is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: The Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON SABINE PASS GAS STORAGE LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON PHILLIPS CHEMICAL HOLDINGS II LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

Defendant, CHEVRON GLOBAL TECHNOLOGY SERVICES COMPANY is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: Prentice-Hall Corp System, Inc., 701 Brazos Street, Ste. 1050, Austin, TX 78701.

Defendant, CHEVRON PHILLIPS CHEMICAL PIPELINE COMPANY LLC is a foreign corporation doing business in the state of Texas and may be served by serving its registered agent: C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

**III.**

Jurisdiction in this case is founded solely on the basis of Title 28 U.S.C. § 1333 in that this is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is a 9(h) admiralty case.

**IV.**

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States in that Defendant is headquartered in the Eastern District of Louisiana, does substantial business in the Eastern District of Louisiana, and is amenable to process here.

**V.**

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 688 and pursuant to the admiralty and general maritime laws of the United States. As such, pursuant to Title 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees, or the necessity of furnishing security therefore.

VI.

At all times material hereto, Delta Towing, LLC was the owner of the Delta Traveller, a vessel operating on the navigable waters of the United States of America.  At all times material hereto, Chevron was the owner of the platform involved in the collision made the basis of this suit.

VII.

At all times material hereto, Defendant, Delta Towing, LLC, was the operator of the Delta Traveller, a vessel operating on the navigable waters of the United States of America.  At all times material hereto, Chevron was the owner of the platform involved in the collision made the basis of this suit.

VIII.

At all times material hereto, Plaintiff was aboard the Delta Traveller as an employee of Defendant, Delta Towing, LLC, and was acting within the course and scope of his employment as a seaman.

IX.

On or about November 25, 2008, as Plaintiff was performing his regular duties aboard the Delta Traveller, he sustained severe injuries to his back and other parts of his body.  Specifically, while Plaintiff was laying down, the Delta Traveller collided with an unlit platform and he was thrown under a table.  These injuries were caused in whole or in part by the negligence of Defendants, their agents, servants and/or employees, and/or was legally caused by the unseaworthiness of the Delta Traveller and by the negligence of the platform owner.

**X.**

By reason of the occurrence made the basis of this action, including the conduct on the part of Defendants, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

**XI.**

As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

**XII.**

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

**XIII.**

As a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**XIV.**

Plaintiff is physically impaired as a result of injuries sustained. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

**XV.**

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## XVI.

Plaintiff would show that on the above-mentioned date, he was injured while in the service of the Delta Traveller.  As a result, Defendant, Delta Towing, LLC, has and continues to have a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues.  Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount.  As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous, and persistent, and that, as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

WHEREFORE, Plaintiff prays that after due proceedings are held, there be judgment rendered in his favor and against Defendants for such damages as are reasonable under the premises, and for all costs of these proceedings, for interest from the date of judicial demand until paid, and for all general and equitable relief deemed appropriate by this Honorable Court.

Respectfully submitted,

Matthew B. Moreland

**LAW OFFICE OF MATTHEW B. MORELAND**

_____/s/ Matthew B. Moreland_____
MATTHEW B. MORELAND
4008 Prytania Street, Suite A
New Orleans, Louisiana  70115
Telephone:  (504) 899-2319
Telephone:  (504) 899-2319

AND

**THE BUZBEE LAW FIRM**
Anthony G. Buzbee
State Bar No. 24001820
Fed. I.D. No. 22679
600 Travis Street, Ste. 7300
Houston, Texas  77002
Telephone:  (713) 223-5393
Facsimile:  (713) 223-5909

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served in compliance with the Federal Rules of Civil Procedure on July 10, 2009 as indicated below:

Mr. Matthew C. Guy
Mr. David S. Bland
Mr. Brendhan H. Thompson
LeBlanc Bland, P.L.L.C.
909 Poydras Street, Ste. 1860
New Orleans, LA  70112

_____/s/ Matthew B. Moreland_____
Matthew B. Moreland